ADANTE D. POINTER Esq., SBN 236229
PATRICK BUELNA, ESQ., SBN 317043
ANGEL ALEXANDER, ESQ., PL-492703

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
1901 Harrison St., Suite 1140
Oakland, CA 94612
Tel: 510-929-5400
Email: APointer@LawyersFTP.com
Email: PBuelna@LawyersFTP.com
Email: Aalexander@LawyersFTP.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELINA ARMSTEAD individually and as Co-Successors-in-Interest to Decedent MILES ARMSTEAD; A.A. individually and as Co-Successor-in-Interest to Decedent MILES ARMSTEAD by and through her Guardian Ad Litem MELINA ARMSTEAD; I.L. individually and as Co-Successor-in-Interest to Decedent MILES ARMSTEAD by and through her Guardian Ad Litem MELINA ARMSTEAD,<br><br>        Plaintiffs,<br>vs.<br><br>COUNTY OF ALAMEDA, a municipal corporation; CITY OF OAKLAND, a municipal corporation; JESSIE CHAMBERS, an individual and DOES 1-50, inclusive.<br><br>        Defendants. | Case No.:<br><br>COMPLAINT FOR DAMAGES<br>(42 U.S.C § 1983)<br><br><br>JURY TRIAL DEMANDED |

## INTRODUCTION

1. Mr. Miles Armstead was a father, husband, and beloved member of his community.

Miles had three children, including a stepdaughter from his new marriage to wife Mrs. Melina

Armstead, who, at the time of his death, was pregnant with their first child together.

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
1901 Harrison St., Ste. 1140,
Oakland, CA 94612
Tel: (510) 929 - 5400

COMPLAINT FOR DAMAGES
- 1

2.    Mr. and Mrs. Armstead began building a new chapter of their lives when they purchased a home at 2901 - 76th Avenue in the City of Oakland, California.  However, this house, once filled with happiness and love, turned into a place of torment, fear and ultimately death.

3.    The elation the young family experienced when they embarked on homeownership quickly soured approximately two years after the Armstead's moved in when their neighbor Mr. Jamal Thomas began a relentless campaign of terror and harassment against the Armsteads. The couple suffered broken window's, verbal threats, physical attacks, and eventually death due to the failures of the Oakland Police Department, the County of Alameda and the Armstead's neighbors who permitted, emboldened and ultimately not only placed the Armstead's in harm's way but significantly increased the danger and fanned the homicidal flames burning in Mr. Thomas' mind.

## JURISDICTION AND VENUE

4.    This action arises under Title 42 of the United States Code, Section 1983. Jurisdiction is conferred upon this Court by Title 28 of the United States Code, Sections 1331 and 1343. The unlawful acts and practices alleged herein occurred in the City of Oakland, in Alameda County, California, which is within this judicial district.

## PARTIES

5.    Decedent MILES ARMSTEAD (hereinafter "DECEDENT") was an individual residing in the State of California.

6.    Plaintiff MELINA ARMSTEAD (hereinafter "Plaintiff") is a competent adult, a resident of California, and a citizen of the United States.  Plaintiff MELINA ARMSTEAD was lawfully married to Decedent MILES ARMSTEAD at the time of his death and survives him.  Plaintiff MELINA ARMSTEAD brings these claims individually on behalf of Decedent Miles Armstead

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
1901 Harrison St., Ste. 1140,
Oakland, CA 94612
Tel: (510) 929 - 5400

COMPLAINT FOR DAMAGES
- 2

pursuant to California Code of Civil Procedure §§377.20 et seq. and 377.60 et seq., which provide for survival and wrongful death actions.  The wrongful death and survival claims survive the death of MILES ARMSTEAD; both arise from the same wrongful act or neglect of another; and such claims are properly joined pursuant to California Code of Civil Procedure §377.62. Plaintiff also bring her claims on the basis of 42 USC §§1983 and 1988, the United States Constitution, and federal civil rights law.

7.   Plaintiff A.A. (hereinafter "Plaintiff A.A."), is and was at all times herein mentioned the biological minor daughter of Decedent Miles Armstead. Plaintiff A.A. brings this action by and through her Guardian Ad Litem MELINA ARMSTEAD, as Co-Successor-in-Interest to Decedent MILES ARMSTEAD.

8.   Plaintiff  I.L. (hereinafter "Plaintiff I.L."), is and was at all times herein mentioned the minor legal dependent of Decedent MILES ARMSTEAD. Plaintiff I.L. brings this action by and through her Guardian Ad Litem MELINA ARMSTEAD, as Co-Successor-in-Interest to Decedent MILES ARMSTEAD.

9.   Defendant CITY OF OAKLAND (hereinafter "CITY") is a municipal corporation, duly authorized to operate under the laws of the State of California.  Under its supervision, the CITY OF OAKLAND operates the Oakland Police Department ("OPD").  The CITY OF OAKLAND maintains respondeat superior liability for the actions of its employees.

10.   Defendant ALAMEDA COUNTY ("COUNTY") is a municipal corporation, duly authorized to operate under the laws of the State of California.  Under its supervision ALAMEDA COUNTY operates the ALAMEDA COUNTY SHERIFF'S OFFICE, SANTA RITA JAIL and the ALAMEDA COUNTY PROBATION DEPARTMENT.

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
1901 Harrison St., Ste. 1140,
Oakland, CA 94612
Tel: (510) 929 - 5400

COMPLAINT FOR DAMAGES
- 3

11. Defendant JESSIE CHAMBERS (hereinafter "Defendant JESSIE CHAMBERS") is and was the homeowner of 2907 76th Ave, Oakland, CA 94605. At all times mentioned herein, Jessie Chambers was an individual who owned, managed and/or maintained 2907 - 76th Ave in the City of Oakland, California. He is being sued in his individual capacity.

12. Defendant JAMES THOMAS (hereinafter "Defendant JAMES THOMAS") is and was an individual, who initially lawfully resided at 2907 - 76th Ave, Oakland, CA 94605 and was later evicted from the 2907 – 76th Avenue address. After being evicted he returned to the property and began residing at the property with the permission and/or tacit consent of the 2907 – 76th Avenue property's owners. He is being sued in his individual capacity.

13. Plaintiffs are ignorant of the true names and/or capacities of defendants sued herein as DOES 1 through 50, inclusive, and therefore sues said defendants by such fictitious names. Plaintiffs will amend this complaint to allege their true names and capacities when ascertained. Plaintiffs believe and allege that each of the DOE defendants is legally responsible and liable for the incident, injuries and damages hereinafter set forth. Each defendant proximately caused injuries and damages because of their negligence, breach of duty, negligent supervision, management or control, violation of public policy. Each defendant is liable for his/her personal conduct, vicarious or imputed negligence, fault, or breach of duty, whether severally or jointly, or whether based upon agency, employment, ownership, entrustment, custody, care or control or upon any other act or omission. Plaintiffs will ask leave to amend her complaint subject to further discovery.

14. In engaging in the conduct alleged herein, defendant police officers acted under the color of Law and in the course and scope of their employment with OPD and/or Alameda County. In engaging in the conduct described herein, Defendant law enforcement

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
1901 Harrison St., Ste. 1140,
Oakland, CA 94612
Tel: (510) 929 - 5400

COMPLAINT FOR DAMAGES
- 4

officers exceeded and/or failed to reasonably exercise the authority vested in them as law enforcement officers, under the United States and California Constitutions, and as employees of OPD and County.

15. For state law causes of action related to Federal claims, Plaintiff is required to comply with Administrative claim filing requirements under California law. Plaintiff filed a Government Tort Claim with the OPD and County, notifying them of Plaintiffs' claims for damages. The City and County rejected the claims.

16.

### STATEMENT OF FACTS

17. Miles and Melina Armstead moved into their home on 2901 - 76th Avenue in the City of Oakland, California in October of 2017.  At the time, they had a cordial relationship with their next door neighbors who were long-time tenants of 2907 - 76th Ave.  The relationship between the two family's changed for the worse when the tenants were evicted from the 2907 - 76th Ave property in August 2019.

18. One of the long-time tenants of 2907 – 76th Avenue, Mr. Jamal Thomas came back to the property as a squatter in October 2019. On information and belief Mr. Thomas had obvious mental health issues which contributed to him experiencing violent, uncontrollable yet persistent outbursts. On information and belief his mental health issues and violent outbursts were known not only to his fellow family members that lived with him at the property but also to the property's owners who rented out the home to Mr. Thomas and his family.

19. On Thanksgiving Day of 2019, Jamal frantically banged on the front door of the Armstead's home yelling unintelligibly as he tried to break in. Unfortunately, this was just the first incident in a six-month sequence of increasingly harassing and threatening behavior directed at the Armstead family. Initially, the persistent pattern of threats and harassment consisted of

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
1901 Harrison St., Ste. 1140,
Oakland, CA 94612
Tel: (510) 929 - 5400

COMPLAINT FOR DAMAGES
- 5

taunts, verbal threats, door knocking, door bell ringing and other nuisance type behavior. The Armstead's faithfully called and reported the incidents to the police. Nevertheless, Oakland Police Officers failed to make an arrest, detain and/or curb the behavior. Instead, Officers complained they were understaffed, overworked and the family's pleas for help were not high priorities. Officers encouraged the Armstead family to contact the 2907 – 76th Avenue property owners to have Mr. Thomas evicted and/or removed from the property or in the alternative to have the property properly secured so as to prevent him from living on it.

20. The 2907 – 76th Avenue property's owners failed to take reasonable efforts to secure the property from trespassers, squatters and/or persons who were accessing and living on the property. Mr. Thomas took advantage of the owner's indifference and continued to use the property as a launching pad for his increasingly more frequent, volatile and threatening reign of terror against the Armstead's.

21. For example, on or about the evening of December 20, 2019, as Melina Armstead sat in her living room holding her child in her arms, a large rock flew through the home's bay front window, shattering the glass. Glass shards flew everywhere. Mrs. Armstead was struck by one of the shards causing her to bleed profusely and necessitating that she be transported to the hospital via ambulance.

22. Oakland Police were called and informed Ms. Armstead that there was nothing they could about the rock throwing incident and considered it a simple incident of "vandalism." Undaunted by the Armstead's frequent calls for service to the police, the police subsequent delayed and/or disinterested response and lack of action, Mr. Thomas pressed on.

23. Ms. Armstead knew that Jamal Thomas was the perpetrator, as he had continuously harassed the Armstead's by ringing their doorbell several times during the day and night, then running away, as well as knocking on their windows.  However, despite being armed with this information, Oakland Police Officers failed to even question Jamal Thomas.

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
1901 Harrison St., Ste. 1140,
Oakland, CA 94612
Tel: (510) 929 - 5400

COMPLAINT FOR DAMAGES
- 6

24. Between December 2019 and February 26, 2020 Jamal Thomas continued to harass and threaten the Armstead's and in turn they continued to call the police for help. Each time Oakland Police were called their response times became longer, and their efforts lessened. On at least one occasion the Armstead's did not receive a response to their call for service until two days later.

25. The Armstead's were advised by Oakland Police Officers to use the emergency button on their home alarm system for a faster response time. The Armstead's followed this advice, to no avail or benefit. Instead, with each incident going unchecked while alarms blared, Mr. Thomas became more emboldened and believed he was above the law and hence stepped up the frequency and ferocity of his attacks against the essentially abandoned and defenseless family.

26. Oakland Police also advised and encouraged the Armstead's to seek a protective order against Mr. Thomas as his attacks were unrelenting. The Armstead's did as they were directed and filed for a protective order against Mr. Thomas. One of the couple's neighbors served Mr. Thomas with a copy of the restraining order on their behalf. This only served to worsen the situation. Mr. Thomas went on to break the family's windows 14 times. The couple called police approximately 20 times for help during this time span. They also recounted their harrowing experiences to the new owners of 2907 – 76th Avenue and appealed to them to secure the property from Mr. Thomas and/or prevent him from using the property as his home base. The couple's please seemingly fell on deaf ears.

27. Indeed, one day Mr. Armstead saw Mr. Thomas speaking to his probation officer. Mr. Armstead called out to the probation officer. The two later talked and Mr. Armstead told him about all the terror and fright his family had been enduring at the hands of Mr. Thomas. The Probation Officer assured Mr. Armstead he would take care of it and see to it that the Armstead's did not have to put up with Mr. Thomas' terrifying and threatening antics. Mr. Armstead followed up on at least 2 occasions in an attempt to find out what was being done since Mr. Thomas continued to harass the family. The Probation Officer failed to properly supervise,

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
1901 Harrison St., Ste. 1140,
Oakland, CA 94612
Tel: (510) 929 - 5400

COMPLAINT FOR DAMAGES
- 7

manage and/or construct and/or enforce appropriate supervision protocols for Mr. Thomas in light of the information Mr. Armstead reported and/or the information readily available to them about Mr. Thomas conduct which was conspicuously spiraling out of control.

28. At some point in time Mr. Thomas was arrested and brought into Alameda County Sheriff Department custody at Santa Rita Jail. While in custody, Mr. Thomas was served with a copy of the restraining order and informed he was in custody due to his continued and persistent harassment of the Armstead family. This foreseeably fanned the flames of his rage.

29. The Armstead's were advised that Mr. Thomas was finally in custody. They requested as is their right on Marcy's Law to be informed of the status of the criminal prosecution against Mr. Thomas and his custody status.

30. Mr. Thomas was released from custody within a day or so of being served with the restraining order by County Jail staff. Neither the County nor the City informed the Armstead's Mr. Thomas was released from custody or to be on high alert for his return. Foreseeably and tragically, he returned to the very property he had called home for the last 20 plus years, right beside the Armstead family home.

31. As Mr. Armstead was doing some yard work, Mr. Thomas appeared, cursed and threatened him and began chasing after Mr. Armstead. Mr. Thomas then pulled out a gun and shot and killed Mr. Armstead.

**DAMAGES**

32. As a direct and proximate result of each of the Defendant's negligence, Decedent and plaintiffs suffered injuries, emotional distress, fear, terror, anxiety, and loss of sense of security and dignity as United States Citizens.

33. As a direct and proximate result of each Defendant's acts and/or omissions as set forth above, Plaintiffs sustained the following injuries and damages, past and future, among others.

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
1901 Harrison St., Ste. 1140,
Oakland, CA 94612
Tel: (510) 929 - 5400

COMPLAINT FOR DAMAGES
- 8

a.  Wrongful death of Miles Armstead;

b.  Hospital and medical expenses;

c.  Coroner's fees, funeral and burial expenses;

d.  Loss of familial relationships, including loss of love, companionship, comfort, affection, society, services, solace, and moral support;

e.  Pain and Suffering including emotional distress

f.  Miles Armstead's loss of life, pursuant to federal civil rights law; and

g.  Violation of constitutional rights;

h.  All damages, penalties, and attorneys' fees and costs recoverable under 42 U.S.C. §§ 1983, 1988; California Civil Code §§ 52, 52.1, California Code of Civil Procedure § 1021.5, and as otherwise allowed under California and United States statutes, codes, and common law.

**FIRST CAUSE OF ACTION**
(Wrongful Death CCP §§377.60, 377.61)
(*Plaintiffs against DOES 1-50*)

34. Plaintiffs hereby re-allege and incorporate by reference herein each and every paragraph of this Complaint.

35.  The failure of Oakland Police Officers to arrest and imprison Defendant Jamal Thomas or to take reasonable steps to make Miles Armstead secure from assault following Defendant Thomas' violation of his Pretrial Release Order and Release Agreement, proximately caused the death of Miles Armstead and the injures and damages sustained by Plaintiffs.

Wherefore, Plaintiffs pray for damages as set forth below.

**SECOND CAUSE OF ACTION**
(Violation of Marsy's Law (Cal Const., Art. I §§28 b))
(*PLAINTIFFS against Defendants ALAMEDA COUNTY, CITY OF OAKLAND, and DOES 1-50*)

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
1901 Harrison St., Ste. 1140,
Oakland, CA 94612
Tel: (510) 929 - 5400

COMPLAINT FOR DAMAGES
- 9

36. Plaintiffs hereby re-allege and incorporate by reference herein each and every paragraph of this Complaint.

37. Plaintiffs were the victim of a crime and entitled to the protections as provided by the California Constitution Article I §§28 b. which provides that victims of a crime are:

       a. to be given reasonable notice regarding the arrest and/or release of the defendant and;

       b. to be informed of the conviction, sentence, and other disposition of the defendant.

38. On information and belief, Plaintiffs expected to be notified when Jamal Thomas was arrested on February 26, 2020 and released from custody on February 28, 2020.

39. Defendants' failure to notify Plaintiffs enabled Jamal Thomas to continue to harass, annoy and threaten Plaintiffs.

40. As a direct and proximate result of Defendants violation of Plaintiffs' rights under the California Constitution, Plaintiff sustained injuries and damages and are entitled to relief as set forth above including punitive damages against Defendants and Does 1-50, and including all damages allowed by California Civil Code §§ 52, 52.1, and California law, not limited to costs, attorney's fees, treble damages, and civil penalties.

## THIRD CAUSE OF ACTION
(Negligent Hiring, Retention, Training, Supervision and Discipline)
(*PLAINTIFFS against Defendants CITY OF OAKLAND, ALAMEDA COUNTY, and DOES 1-50*)

41. Plaintiffs hereby re-allege and incorporate by reference herein each and every paragraph of this Complaint.

42. Defendant CITY OF OAKLAND, through its supervision of employees DOES 1-50 had a duty of care to properly and adequately hire, train, retain, supervise, and discipline its police officers so as to avoid unreasonable risk of harm it's citizens.

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
1901 Harrison St., Ste. 1140,
Oakland, CA 94612
Tel: (510) 929 - 5400

COMPLAINT FOR DAMAGES
- 10

43.   Defendants negligently failed to take necessary, proper or adequate measures in order to prevent the violation of Decedent's and Plaintiffs' rights, the death of Decedent and injuries and damages to Decedent and Plaintiffs.

44.   Decedent's and Plaintiff's injuries were a foreseeable and proximate cause of the negligence and indifference of the Defendants to the practices and customs described herein.

**FOURTH CAUSE OF ACTION**
(Fourteenth Amendment - Due Process-State Created Danger under )
42 U.S.C. §1983)
(*PLAINTIFFS against Defendants CITY OF OAKLAND, ALAMEDA COUNTY, and DOES 1-50*)

45. Plaintiffs hereby re-allege and incorporate by reference herein each and every paragraph of this Complaint.

46.   Plaintiffs relied on Defendants to provide protection from the harassment, threats, harm, and annoyance from Jamal Thomas.

47.   Defendants affirmatively placed Plaintiffs in a position of danger when they failed to:

   a.   respond to calls for service;

   b.   properly investigate claims of harassment made by Plaintiffs;

   c.   arrest Jamal Thomas; and

   d.   notify Plaintiff of Thomas' release from custody.

48. It was reasonably foreseeable that an increase of law enforcement interaction without detention would increase the level of harassment and harm towards Plaintiffs by Jamal Thomas

49. By not arresting Jamal Thomas for prior instances of harassment, and by releasing him from custody, Defendants exposed Plaintiffs to danger that they would not have otherwise faced.

50. Defendants deliberate indifference towards Plaintiffs calls to service resulted in Decedent's death.

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
1901 Harrison St., Ste. 1140,
Oakland, CA 94612
Tel: (510) 929 - 5400

COMPLAINT FOR DAMAGES
- 11

## FIFTH CAUSE OF ACTION
### (Negligence)
*(PLAINTIFFS against JESSIE CHAMBERS)*

47.    Plaintiff hereby re-alleges and incorporates by reference each and every paragraph of this Complaint.

48.    At all times herein mentioned, Defendant JESSIE CHAMBERS and Does 1-50 had a duty to use reasonable care to protect Plaintiffs from unnecessary physical harm and distress caused by Jamal Thomas.

49.    At all times herein mentioned, Defendant JESSIE CHAMBERS was the owners of the real property located at 2907 76th Ave., Oakland, California.

50.    Defendants, by way of permitting Jamal Thomas to live in said real property created a special relationship between Defendant and Jamal Thomas.

51.    Defendant was informed on numerous occasions by Plaintiffs that Jamal Thomas was staying in said real property, that Jamal Thomas posed an active and continuing risk of physical and emotional harm to Plaintiffs, and that Jamal Thomas had a history of perpetrating acts of physical and emotional harm against Plaintiffs.

52.    Defendant was aware that Jamal Thomas presented a real and active threat of physical and emotional harm to Plaintiffs while living on said real property, yet negligently failed to take reasonable steps to protect Plaintiffs against such danger, such as contacting law enforcement to have Jamal Thomas removed from said real property.

53.    As a direct and proximate result of Defendant's negligence, Plaintiffs sustained injuries and damages, and against each and is entitled to relief as set forth above.

## JURY DEMAND

51. Plaintiffs hereby demand a jury trial in this action.

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
1901 Harrison St., Ste. 1140,
Oakland, CA 94612
Tel: (510) 929 - 5400

COMPLAINT FOR DAMAGES
- 12

**PRAYER**

Wherefore, Plaintiffs pray for relief, as follows:

1. For general damages in a sum according to proof;

2. For special damages in a sum according to proof;

3. For reasonable attorney's fees against all Defendants pursuant to the Code of Civil Procedure section 1021.5;

4. For any and all statutory damages allowed by law;

5. For cost of suit against all Defendants, and

6. For such other and further relief as the Court deems just and proper.

Date: July 7, 2021                    Respectfully submitted,

                                      **POINTER & BUELNA, LLP**
                                      **LAWYERS FOR THE PEOPLE**

                                      /s/ Adanté Pointer_____
                                      ADANTÉ POINTER
                                      COUNSEL FOR PLAINTIFFS

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
1901 Harrison St., Ste. 1140,
Oakland, CA 94612                    COMPLAINT FOR DAMAGES
Tel: (510) 929 - 5400                          - 13